**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Case No. 11-cr-00481-CMA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

THOMAS B. EVANS,

    Defendant.

---

**ORDER DIRECTING SUBMISSION OF FINANCIAL AFFIDAVIT**

---

    This matter is before the Court on Defendant's "Response to Document No. 17 (Order to Show Cause)" (Doc. # 18). In this case, Defendant has entered a guilty plea to one count of conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Section 1349. (Doc. # 15.) Throughout the pendency of this case, Defendant has been represented by the Office of the Federal Public Defender. On March 5, 2012, the Court ordered Defendant to show cause as to why he has been "financially unable to obtain adequate representation" in this case. (Doc. # 17.) Defendant responded on March 9, 2012. (Doc. # 18.)

    The Criminal Justice Act provides a mechanism for federal courts to "furnish[ ] representation . . . for any person financially unable to obtain adequate representation . . . ." 18 U.S.C. § 3006A(a). Congress passed the Act to ensure "that defendants who are financially unable to afford trial services necessary to an adequate defense

are provided them in accordance with the Sixth Amendment to the United States Constitution." *United States v. Barcelon*, 833 F.2d 894, 896 (10th Cir. 1987).  The Act requires that a district court engage in an "appropriate inquiry" to determine whether the defendant is "financially unable to obtain adequate representation."  *See* 18 U.S.C. §§ 3006A(b) & (e)(1).  Such an inquiry "necessarily varies with the circumstances presented, and no one method or combination of methods is required."  *Barcelon*, 833 F.2d at 879; *see also United States v. Jahani*, No. 11-cr-00302-CMA, (D. Colo. Dec. 13, 2011) (Doc. # 67 at 4) (unpublished) (listing factors a court may consider in making such an inquiry).  Regardless of which factors the court takes into account, the defendant "bears the burden of persuading the court that he is financially unable to obtain counsel."  *Barcelon*, 833 F.2d at 896.

In this Court's Order to Show Cause, the Court ordered **Defendant** to show cause as to why he has been "financially unable to obtain adequate representation" in this case.  (Doc. # 17.)  Instead of complying with this order, Defendant's counsel spent the bulk of the response explaining why he could not provide information about Defendant's ability to pay.  (Doc. # 18 at 2-3.)  As the Court did not order Defendant's counsel to provide any such information, the response does not aid the Court in its duty to assess whether Defendant should have been eligible for taxpayer-funded representation.  The Court takes seriously its duty to be a "responsible steward" of public funds, *see Jahani*, No. 11-cr-00302, (Doc. # 67 at 7), and will hold Defendant to

his burden of showing, to the Court's satisfaction, that he has been "financially unable to obtain adequate representation" in this case.

Accordingly, Defendant is ORDERED to provide information regarding his financial status on Form CJA 23 (Financial Affidavit).[1] *See* Guide to Judiciary Policy, Vol. 7, Part A, §§ 210.40.30, 230. Based on the completeness of the affidavit, the Court may then conduct an *ex parte* hearing to determine whether Defendant could have retained private counsel to represent him in this matter.

DATED: April  02 , 2012

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[1] The Court notes that United States Magistrate Judge Kathleen M. Tafoya permitted Defendant to be represented by the Office of the Federal Public Defender on the basis of a financial affidavit that was originally submitted in conjunction with appointment of counsel for Grand Jury deliberations. (Doc. # 3.) However, that affidavit has not been updated and presented to this Court for its review.